Filed 4/30/25  P. v. Charles CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085330 |
| v. | (Super.Ct.No. FSB24004386) |
| DAVID JOSEPH CHARLES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  David S. Cohn, Judge.  Affirmed with directions.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant David Joseph Charles, appeals the order of the Superior Court of San Bernardino County denying his motion to withdraw his plea. We will affirm with instructions.

## BACKGROUND

In December 2024, defendant was charged with four felonies: evading a peace officer while driving with willful or wanton disregard of the safety of persons and property (Veh. Code, § 2800.2, subd. (a); count 1), evading a peace officer against traffic (Veh. Code, § 2800.4; count 2), driving or taking a vehicle without consent (Veh. Code, § 10851, subd. (a); count 4), and receiving a stolen vehicle (Pen. Code, § 496, subd. (d); count 3). He was also charged with driving without a valid driver's license (Veh. Code, § 12500, subd. (a); count 5). The complaint also alleged defendant had suffered a serious or violent prior felony conviction (Pen. Code, §§ 667, subd. (b), 1170.12 subd. (a)-(d), a strike prior).

On December 9, 2024, defendant entered into a plea agreement in which he pled guilty to count 1 and admitted the strike prior. His agreement included a waiver of his right to appeal. The trial court sentenced defendant to a prison term of 32 months (the low term doubled on account of the strike prior).

Eleven days later, on December 20, 2024, defendant moved to withdraw his plea. The trial court denied the motion, and defendant timely noticed this appeal. The notice of appeal includes a request for a certificate of probable cause, but the order portion of the form has not been completed.

2

## DISCUSSION

Defendant's appointed appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth statements of the case and facts. Counsel suggests consideration of four issues: (i) whether defendant's negotiated plea for an agreed upon term of 32 months is constitutionally valid; (ii) whether defendant's waiver of his right to appeal is valid; (iii) whether there was a sufficient factual basis for the plea; and (iv) whether defendant's trial counsel failed to provide effective assistance.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, 119, we have conducted an independent review of the record and find no arguable issues.

We do note, however, that the clerk's minutes and the abstract of judgment are not in accord with the trial court's oral pronouncement of defendant's sentence. The reporter's transcript reflects that the trial court sentenced defendant "to the low term, doubled pursuant to the strike, for a total of 32 months in state prison." The clerk's minutes state the court imposed "the Low term of 2 Years 8 Months." The abstract of judgment indicates that the trial court imposed a low term sentence of two years and eight months, and does not note the strike prior in the enhancements section. If a minute order or abstract of judgment do not reflect the oral pronouncement, the discrepancies are presumed to be result of clerical error. (*People v. Leon* (2020) 8 Cal.5th 831, 855.) A

3

court has the power to correct clerical errors in the record at any time. (*People v. Boyd* (2024) 103 Cal.App.5th 56, 63.)

**DISPOSITION**

The judgment is affirmed with instructions (1) to correct nunc pro tunc the December 9, 2024, minute order to reflect the trial court's oral pronouncement that defendant's sentence was "the low term, doubled pursuant to the strike, for a total of 32 months in state prison"; (2) to correct the abstract of judgment to reflect that defendant was sentenced to the low term of 16 months, enhanced by an additional 16 months on account of the strike prior, for a total term of two years and eight months; and (3) to forward a copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

4